**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**DRAPER BEDFORD**                                                                   **CIVIL ACTION**

**VERSUS**                                                                                       **NO. 05-2766**

**JAMES D. MILLER, WARDEN**                                         **SECTION: "K" (1)**


**ORDER AND REASONS**


Before the Court is the Section 2254 Habeas Corpus Petition (Rec. Doc. No.3)

("Petition") of Draper Bedford seeking relief from a sentence imposed by a Louisiana State

Court in connection with his conviction for distribution and possession of a controlled substance

in violation of La. Rev. Stat. Ann. § 40:967. After reviewing the pleadings, the state court

record, the applicable law, the Report and Recommendation of the Magistrate Judge (Rec. Doc.

No.12) ("Report"), and the Petitioner's Objections to the Magistrate's Report (Rec. Doc. No.14)

("Objection"), the Court hereby dismisses the Section 2254 Petition for the reasons assigned

herein.

# I. BACKGROUND

## A.      FACTS

Petitioner Draper Bedford ("Bedford") is incarcerated in the Washington Correctional Institute in Angie, Louisiana.[1] On February 16, 2000, Bedford was charged in a six-count Bill of Information in St. Tammany Parish.[2] Counts One through Five were for distribution of cocaine, while Count Six was for possession of more than 28 but fewer than 200 grams of cocaine.[3]

On May 29, 2001, Bedford pleaded guilty to all these counts and to being a multiple offender.[4] After a waiver of legal delays, he was sentenced to concurrent sentences– twenty years each for Counts Two through Six and twenty-two and one-half  years for Count One, the latter without benefit of suspension, probation or good time credit.[5]

Bedford's conviction became final five days later,[6] on June 3, 2001, or, excepting Sunday, on June 4, 2001, because he sought no timely appeal and no sentencing reconsideration.

---

[1]Petition, at 1.

[2] Rec. Doc. No.12 ("Report"), at 1-2.

[3] Report, at 2.

[4] *Id.*

[5] *Id.*

[6] At the time of the conviction, La. Code Crim. P. art. 914 required a criminal defendant to move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Art. 914 renders the conviction and sentence final at the expiration of the period of filing the motion for appeal. *State v. Counterman*, 475 So. 2d 336, 338 (La.1985). Article 914 was amended by Acts 2003, No. 949, §1 to provide 30 days for filing of the notice of appeal.

*Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (Petitioner's guilty pleas became final at

the end of the five day deadline for filing a notice of appeal under La. Code Crim. P. art. 914).

**B.      PROCEDURAL HISTORY**

The Magistrate Judge summarizes the procedural history in the State's courts as follows:

> ...[O]n February 5, 2002, [eight months after the conviction became
> final], Bedford signed a Uniform Application for Post Conviction
> Relief which was filed in the Trial Court on February 8, 2002.
> Bedford raised five claims: (1) the plea was not knowing[ly],
> voluntarily or intelligently made; (2) he was not told the sentencing
> range before pleading to the multiple bill; (3) he was not read his
> *Boykin* rights at the multiple bill proceeding; (4) he was denied parole
> eligibility which was not prohibited under the statute; and (5) the
> Trial Court violated his Fifth, Sixth and Fourteenth Amendment
> rights by failing to read his *Boykin* rights and inform him of the
> consequences of his plea.
>
> The Trial Court dismissed the Application as meritless on March 13,
> 2002. The Louisiana First Circuit Court of Appeal denied Bedford's
> subsequent Writ Application on August 9, 2002, pursuant to La. Code
> Crim. P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So. 2d 1172
> (La. 1996).
>
> Bedford later filed an untimely writ application in the Louisiana
> Supreme Court on October 16, 2002. Bedford raised only the first,
> second, third and fifth claims previously presented to the Trial Court
> in the Application for Post Conviction Relief. On October 10, 2003,
> the Louisiana Supreme Court denied the Application also citing La.
> Code Crim. P. art. 930.3 and *State ex rel. Melinie*.
>
> Four months later, on February 8, 2004, Bedford signed a Motion to
> Correct and Vacate [an] Illegal Multiple Offender Adjudication
> which was filed by the Trial Court on February 12, 2004. In the
> Motion, Bedford raised four claims: (1) he was not informed of his
> rights at the multiple offender proceeding; (2) he was improperly
> denied good time credits; (3) he was improperly denied parole

eligibility; and (4) he was not advised of his rights before entering a plea of guilty in the 1995 predicate offense. The Trial Court denied the Motion without reasons on March 25, 2004.

On April 21, 2004, Bedford file[d] a Writ Application with the Louisiana First Circuit seeking review of that order. The Court granted the Application in part finding that it was not appropriate for the Trial Court to prohibit good-time as part of Bedford's sentence. The Court remanded the matter with instructions for the Trial Court to amend the minutes and commitment to remove the good-time restriction. The Court denied all other aspects of the Application.

On July 27, 2004, Bedford presented for mailing a Writ Application to the Louisiana Supreme Court, which was filed August 11, 2004, seeking review of the four claims raised in the Motion to Correct. On August 1, 2004, he also mailed to the Trial Court a Motion to Set Aside an Illegal Multiple Offender Adjudication, which was filed August 3, 2004. In this Motion, Bedford argued that the Trial Court failed to advise him of the sentencing range at the multiple bill hearing and, as a result, his guilty plea was not knowing and voluntary.

On August 13, 2004, the Trial Court held a hearing to correct the minutes to remove the good-time restriction as ordered by the Louisiana First Circuit. Thereafter, on September 9, 2004, the Trial Court construed Bedford's pending Motion to Set Aside to be a repetitive Application for Post Conviction Relief and denied it as such pursuant to La. Code Crim. P. art. 930.4. The record reflects that a copy of this Order was mailed to Bedford by the clerk of the Trial Court on September 21, 2004.

The record contains another Motion to Correct Illegal Sentence filed October 6, 2004, in which Bedford urged the Trial Court not the construe his motion as an Application for Post Conviction Relief. A notation appears on the face of the pleading "already ruled on." Bedford was notified by letter dated October 20, 2004, from the clerk of the Trial Court that "your Motion to Correct Illegal Sentence was previously denied by this Court."

Thereafter, on October 27, 2004, Bedford signed a Notice of Intent to Seek Relief in the Louisiana First Circuit from the Trial Court's denial of his Motion to Correct Illegal Sentence "on/or about October 20, 2004." Bedford mailed a Writ Application to the Louisiana First Circuit on October 31, 2004[,] and it was filed in that court on

4

November 4, 2004. The Court denied the Application on January 24, 2005, as procedurally improper under *State v. Gedric*, 741 So. 2d 849 (La. App. 1st Cir. 1999).

On February 10, 2005, Bedford mailed a timely Writ Application, filed March 15, 2005, to the Louisiana Supreme Court in which he raised three claims: (1) he was denied the right of review of his Motion to Correct Illegal Sentence; (2) the Trial and Appellate Courts erred in treating his Motion to Correct Illegal Sentence as an Application for Post Conviction Relief; and (3) his Motion to Correct an Illegal Sentence has merit and he is entitled to relief.

On May 20, 2005, the Louisiana Supreme Court entered separate orders denying Bedford's two pending Writ Applications, the one filed August 11, 2004, and the one filed March 15, 2005. Both Applications were denied pursuant to La. Code Crim. P. art. 930.8, *State ex rel Glover v. State*, 660 So. 2d 1189 (La. 1995), *State v. Parker*, 711 So. 2d 694 (La. 1998), La. Code Crim. P. art. 930.3, *State ex rel. Melinie*, and La. Code Crim. P. art. 930.4(D).

*See* Report, at 3-7 (internal citations omitted).

## C.    FEDERAL PETITION

Bedford signed his Petition for federal habeas corpus relief on June 30, 2005,[7] and filed it on July 28, 2005.[8] Bedford bases his Petition on the following grounds: (1) "[P]etitioner entered a guilty plea at the multiple offender and/or sentencing proceedings without a valid waiver of his constitutional right to remain silent;" and (2) "[t]he trial court failed to advise petitioner of the statutory minimum and maximum penalty during the multiple offender hearing in violation of his

---

[7]Petition, at 6.

[8] Petition, at 1.

right to due process of law."[9]

The State filed a Response in Opposition to Bedford's federal Petition alleging (1) that Bedford failed to exhaust state court remedies and (2) that the Petition is not timely filed.[10]

Pursuant to 28 U.S.C. § 636(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, this proceeding was referred to United States Magistrate Judge Karen Wells Roby for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition. Magistrate Judge Wells Roby found that the disposition of this matter did not require a hearing and recommended dismissal of the Petition with prejudice because of its untimely filing.[11]

In an objection to the Magistrate Judge's Report and Recommendation, Bedford claims (1) that the Recommendation contains an erroneous calculation of the prescribed one-year filing period[12] and, alternatively, (2) that his untimeliness should be excused on account of his "actual innocence" with respect to his multiple offender conviction and sentence, as to prevent a "miscarriage of justice" that would violate Due Process under the Fifth Amendment.[13]

---

[9]*Id*. at 4-5.

[10] Report, at 8.

[11] Report, at 16.

[12]Objection, at 4.

[13] *Id*. at 3.

## II. STANDARD OF REVIEW

Magistrate judges are empowered by statute to preside over certain pretrial matters upon

appointment by a district judge. 28 U.S.C. § 636(b)(1)(A); *see also* Rules Governing § 2254

Cases, Rule 10. A district court evaluating a magistrate judge's recommendation may adopt

those portions of the recommendation to which no specific objection is made, as long as those

sections are not clearly erroneous. *See id*.; FED. R. CIV. P. 72(b). However, where a party makes

"specific, written objections" within ten days after being served with a copy of the magistrate's

recommendation, the district court must undertake *de novo* review of those contested aspects of

the report. 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b). The district judge may then

"accept, reject, or modify the recommended decision, receive further evidence, or recommit the

matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEPDA")[14] applies to

Bedford's Petition, which is deemed filed in this court on June 30, 2005, under the federal

"mailbox rule."[15]

---

[14]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n. 11(5th Cir. 1992).

[15]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se.* Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The Clerk of Court filed Bedford's federal habeas petition on July 28, 2005, when he paid the filing fee. Bedford dated his signature on the Petition on June 30, 2005. This is the earliest date on which he could have submitted the pleadings to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his *pro se* Petition. *See Cousin*, 310 F.3d at 847 (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville v.*

The threshold questions in habeas review under the amended statute are whether the

petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in

state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in

"procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing

28 U.S.C. §2254(b), (c)).

### III. ANALYSIS

The Magistrate Judge considered the State's procedural defenses in an opinion that stated

(1) the State was incorrect in its claim that Bedford had not exhausted the remedies available in

its courts,[16] (2) the State was correct in its claim that Bedford's claim was barred by AEDPA's

statute of limitations,[17] and (3) the State did not raise or waive a "procedural default" claim.[18]

Because Bedford objects to the Report on two grounds, this Court now reviews *de novo*

the following issues in light of his objections, pursuant to 28 U.S.C. § 636(b)(1)(C):

> 1. Whether Bedford's Petition should be procedurally barred for
> exceeding the statute of limitations imposed by the AEDPA, and
>
> 2. Whether Bedford should be allowed an "actual innocence"
> exception to a finding of procedural default.

---

*Cain*, 149 F.3d 374 (5th Cir. 1998)).

[16]Pursuant to 28 U.S.C. § 636(b)(1)(C)**,** the Court agrees with and adopts the Magistrate Judge's analysis of the exhaustion requirement, as no objection has been raised to the Recommendation's treatment of the issue. Because the Louisiana Supreme Court filings clearly establish that Bedford in fact fairly presented both of his federal claims to the Louisiana Supreme Court, the State's exhaustion defense must be rejected. *See* Report, at 10.

[17]Report, at 16.

[18]*Id.* at 11.

## A.      STATUTE OF LIMITATIONS

The AEDPA (28 U.S.C. § 2244), in Section (d)(1), requires that a petitioner bring his §

2254 claim within a one-year period, which begins on the date that his conviction becomes

final.[19]  However, Section (d)(2) excepts from that one-year period "[t]he time during which a

properly filed application for state post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending..." Thus, § 2244(d)(2) tolling requires that an application

in state court must have been (1) properly filed, (2) pending, (3) for post-conviction or other

collateral review, and (4) with respect to a pertinent judgment or claim.[20]

Firstly, for § 2244(d)(2) purposes, a "properly filed" application is one that conforms to

the state's procedural requirements, such as rules governing notice and time and place of filing.

*Villegas v. Johnson*, 184 F.3d 467, 469-70 (5th Cir. 1999). An application for post-conviction

relief to the Louisiana Supreme Court is "properly filed" only if filed within the time allowed by

La. S. Ct. Rule X § 5(a). *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000). The United States

Fifth Circuit applies the "prison mailbox rule" in state proceedings. *Causey v. Cain*, 450 F.3d

601, 604-05 (5th Cir. 2006).

Secondly, an application is "pending" under § 2244(d)(2) "as long as the ordinary state

collateral review process is 'in continuance;'" the time between a lower court's decision and a

filing of appeal to a higher court is considered time in which the application is "pending." *Carey*

---

[19] Though the AEDPA provides three other possible dates that can begin the limitations period, none of
these is applicable to Bedford's Petition.

[20] For purposes of statute of limitations analysis, the Court considers Bedford's state court applications to
have fulfilled elements (3) and (4).

*v. Saffold*, 536 U.S. 214, 219-20 (2002). An untimely application filing under La. S. Ct. Rule X § 5(a) disrupts this continuity, leaving the application no longer "pending." *Williams*, 217 F.3d at 310-11; *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

Bedford's conviction became final June 4, 2001, thus beginning his one year in which to seek federal habeas review under 28 U.S.C. § 2244(d)(1). Since his final conviction and up until the filing of his federal Petition, Bedford has brought numerous applications for post-conviction relief in Louisiana's system of courts. Pursuant to 28 U.S.C. § 2244(d)(2), periods of "pending" and "properly filed" application proceedings will not be counted against Bedford in evaluating whether his one-year limitations period has run.

From the date his conviction became final, Bedford waited eight months to file an application for post-conviction review. This period (from June 4, 2001, to February 5th, 2002) is counted towards the § 2244(d)(1) period of limitations. On February 5, 2002, Bedford's properly filed and pending application in state court tolled the period of limitations until it was denied by the Louisiana First Circuit Court of Appeals on August 9, 2002, or, alternatively, when the thirty day period for filing an appeal ended on September 8, 2002.[21]

Although Bedford sought Louisiana Supreme Court review of this denial (which would ordinarily extend tolling), he did so in an untimely manner. La. S. Ct. Rule X § 5(a) requires that an application seeking review must be filed within thirty days of the issuance of the lower court's judgment. *Williams*, 217 F.3d at 304.  That period ended on September 8, 2002. The

---

[21]For purposes of § 2244(d)(1)(A) (in determining when the one-year limitations period begins), such periods for seeking review are not counted against petitioners. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). However, it is unclear in the Fifth Circuit whether statutory periods for seeking appellate review are tolled in cases where petitioners fail to file for appellate review of post-conviction relief denials in a timely manner. *See Williams,* 217 F.3d at 311, n. 9. In the instant case, this 30-day period is not dispositive, considering the lengthy non-tolled period which followed, and, accordingly, this Court need not address the issue.

earliest that Bedford's application can be considered filed is September 16,[22] making it eight days too late. An untimely filing of appeal is not "properly filed," leaving the application no longer "pending." *Williams,* 217 F.3d at 310-11. Therefore, the period from either August 9 or September 8, 2002, to his next application (signed on February 8, 2004) cannot be tolled under 28 U.S.C. § 2244(d)(2). This period of at least 518 days exceeds the one-year limitation period of § 2244(d)(2), even without taking into account Petitioner's initial eight-month delay after his conviction became final.

In his objections to the Report and Recommendation, Bedford does not object to this application of *Williams*'s ruling on La. S. Ct. Rule X § 5(a). Rather, he contends that the Magistrate Judge erred in her inclusion of his initial eight-month delay.[23] This objection is without merit. Bedford seems to suggest that the one-year limitations period should begin only after he has exhausted his state court remedies. However, § 2244(d)(1)(A) clearly states that the limitations period begins at the conclusion of direct review of the initial judgement or the expiration of the time for seeking such review (in this case, June 4, 2001). Therefore, the Magistrate Judge exercised a correct application of the statute. *See Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (one-year limitations period does not begin anew after tolling). Additionally, even if those eight months were to be excluded from the calculation, the 518-day period would still suffice to exhaust the limitations period.[24]

---

[22]As calculated by the "prison mailbox rule." *See Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

[23]Petition, at 5.

[24] As the Magistrate Judge observed, "Bedford has not alleged and the record does not reflect any basis for equitable tolling in this case. The record does not show the type of extraordinary circumstances which would warrant equitable tolling. His petition should therefore be dismissed as time barred under the AEDPA." Report, at 16.

11

Therefore, the Court finds Bedford's federal habeas application time-barred under 28 U.S.C. §2244.

## B.    PROCEDURAL DEFAULT

In his objections to the Report and Recommendation, Bedford further claims that he is entitled to an "actual innocence" exception to a finding of  "procedural default."[25]

The Magistrate's Report notes that all three of Bedford's applications to the Louisiana Supreme Court were denied on procedural grounds, allowing the state to raise a "procedural default" defense.[26] When a petitioner's state court remedies are exhausted because of failure to comply with procedural deadlines, he is "generally barred from asserting those claims in a federal habeas proceeding." *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (citing *Coleman v. Thompson*, 501 U.S. 722, 744-51 (1991)).

The Report points out that, although Bedford may be considered barred from federal review because of procedural default, the State has neither raised nor waived a procedural default defense in this case.[27] Instead, the State has successfully raised a statute of limitations defense, an independent grounds for denial of Bedford's habeas application. Because the state has not raised the defense of procedural default, the Court need not address whether Petitioner can claim an exception to this defense. Accordingly,

---

[25]Objection, at 7.

[26]Report, at 11.

[27]*Id.*

**IT IS ORDERED** that Petitioner's Petition brought under 28 U.S.C. § 2254 be

**DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, on this 27th day of June, 2007.

 

 

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**